■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GROSS, Also Known as PAUL LLOYD GROSS, Also Known as PAUL L. GROSS, Appellant.—Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered on July 7, 1987, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing defendant to 5½ years to life in prison, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence (People v Farrar, 52 NY2d 302, 305).

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms" (People v Felman, 141 AD2d 889, 890, lv denied 72 NY2d 918). Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO VASQUEZ, True Name JOSE VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered July 16, 1985, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the second degree, and sentencing him to an indeterminate term of imprisonment of from five years to life, is unanimously affirmed.

By defendant's failure to move to withdraw his plea, he has waived appellate review as a matter of law (People v Lopez, 71 NY2d 662).

Even if we were to consider defendant's contentions in our interest of justice jurisdiction, which we decline to do, we would affirm. The plea allocution, as a whole, clearly indicates defendant's guilt, and defendant's use of the word "negotiated" rather than "sold" does not constitute a basis for claiming that defendant did not effectively admit the underlying facts on the record. Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.