■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR VALDEZ, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J., at plea proceedings and sentence), rendered on June 18, 1986, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second and third degrees and criminal sale of a controlled substance in the third degree, and sentencing him to concurrent indeterminate terms of from three years to life imprisonment on the second degree possession count and from 1 to 3 years' imprisonment on each of the third degree sale and possession counts, unanimously affirmed.

The defendant did not move, prior to the imposition of sentence, to withdraw his plea and, accordingly, has not preserved for appellate review his challenge to the sufficiency of the plea allocution *(People v Lopez,* 71 NY2d 662; *People v Pellegrino,* 60 NY2d 636). Were we to consider it in the interest of justice, however, we would nonetheless affirm, finding it to be without merit, since the record amply demonstrates that the defendant knowingly and voluntarily entered his guilty plea before the court accepted the plea *(Boykin v Alabama,* 395 US 238, 242; *People v Harris,* 61 NY2d 9, 17).

Finally, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms" *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918). Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.