■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYNOSO, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered January 5, 1984, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him to five years' probation, and, upon finding that the terms of probation had been violated, resentencing defendant, on May 23, 1985, to an indeterminate prison term of 2 to 6 years, to be served consecutive to the sentence imposed on a May 23, 1985 judgment, is unanimously affirmed.

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 23, 1985, convicting defendant, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10) and sentencing him, as a second felony offender, to an indeterminate prison term of 6 to 12 years' imprisonment, is unanimously affirmed.

We are unpersuaded that the sentences imposed were excessive, or that it was unduly harsh to run the probation violation term consecutive to the term for the assault. Taking into account, "among other things, the crime[s] charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in either sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant's sentence for the assault was in accordance with his plea bargain and, "[h]aving received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) The terms of that plea bargain also made clear that the recommendation that the probation violation be covered was not binding upon the court which would sentence defendant therefor. Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.