◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL THOMAS, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered December 6, 1989, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant never objected or moved to withdraw or vacate his plea, thus failing to preserve his claims for appeal *(People v Lopez,* 71 NY2d 662). In any event, defendant claims that he was incompetent to plead guilty because he had a psychiatric history, was on psychiatric medication at the time, and that his statements at the allocution suggested he was not compe-

tent to proceed. However, the court patiently questioned defendant as to the effects of the medication before concluding that defendant understood the rights he was waiving. Additionally, the court relied on recent psychiatric reports and its own observations during the lengthy plea allocution in determining that there was no need for a competency hearing. Nor is there merit to defendant's contention that the plea allocution was defective.

While initially the trial court properly refused to accept defendant's plea because his statements negated an element of the crime, further extensive inquiry by the court established defendant's culpability and the absence of defenses, rendering the plea valid.

Finally, defendant's claim that the promised sentence of 3 to 9 years was excessive and an abuse of the court's discretion is without merit. The prosecution's evidence revealed defendant previously hired hit men to kill his wife and that he provided detailed information to the undercover officer to ensure the victim's death this time. The negotiated plea bargain should be honored (*People v Reynoso,* 160 AD2d 635, *lv denied* 76 NY2d 794). Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.