■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EDWARDS, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on March 20, 1989, convicting defendant, upon a plea of guilty, of robbery in the third degree and sentencing defendant to an indeterminate term of imprisonment of 1½ to 4½ years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILIO FERNANDEZ, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 5, 1989, convicting defendant, after a jury trial, of two counts of murder in the second degree and sentencing him to concurrent, indeterminate terms of imprisonment of from 25 years to life, is unanimously affirmed.

On February 1, 1984 defendant shot and killed two patrons of a bar in Manhattan, in front of two eyewitnesses—the owner of the bar, who had known defendant for one year, and a waitress who had waited on the defendant for several hours earlier that evening. The only issue in the case was the identity of the shooter. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we conclude that the evidence was sufficient to sustain defendant's convictions beyond a reasonable doubt. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.