WILLIE WINBUSH, Appellant.—Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered on April 27, 1988, convicting defendant, upon a plea of guilty, of rape in the first degree and sentencing defendant, as a predicate felon, to an indeterminate term of imprisonment of 10 to 20 years, to run concurrently with a sentence of 1 to 3 years upon his plea of guilty to a violation of probation, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on May 5, 1989, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the second degree and bribery in the first degree and sentencing defendant to concurrent indeterminate terms of imprisonment of 6½ years to life and 6 to 18 years, respectively, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FREDY SUAREZ, Also Known as JOHN F. SUAREZ, Appellant.—Judgment, Supreme Court, New York County (Herman