■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO FELMAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 8, 1987, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree.

In July 1985, defendant was indicted on two counts of grand larceny in the second degree based on the theft of food products from Sysco Frosted Foods, Inc. in the Town of Colonie, Albany County, on April 19, 1985 and during the period between January 1 and March 31, 1985. Defendant was employed by Regan's Steak and Seafood Restaurant in Rensselaer County and implemented a scheme whereby he would charge Regan's account for various foods supplied by Sysco and then sell the products elsewhere while retaining the proceeds. On December 18, 1985, defendant pleaded guilty to the second count of the indictment in full satisfaction of both charges. Pursuant to the terms of the negotiated plea bargain, defendant and a codefendant, William Sayers, were required to make restitution in the amount of $50,000 in accord with a stipulation between defendant and the various victims as set forth in the plea allocution. Full restitution was to be made on or before March 3, 1986, the initially scheduled sentencing date (see, CPL 420.10 [1] [a] [i]). In the event restitution was made, a second felony offender sentence of no greater than 1½ to 3 years' imprisonment would be imposed. Upon a failure to satisfy the restitution terms, however, County Court specifically reserved the right to maintain the guilty plea intact, except that the period of incarceration could range up to a

maximum of 3½ to 7 years. These terms of the plea bargain were explicitly delineated during the plea allocation prior to the acceptance of defendant's plea of guilt. Thereafter, on January 8, 1987, defendant, having failed to make restitution, was sentenced as a predicate felon to the maximum term of 3½ to 7 years' imprisonment, and further directed to make restitution in the amount of $30,000.*

On this appeal, defendant urges that we reduce the sentence as unduly harsh and excessive. He emphasizes that during the relevant time frame he was addicted to cocaine, an affliction that motivated the entire theft scam. He further complains that County Court abused its discretion by imposing the maximum penalty simply because he was unable to make the required restitution. Notably, he does not challenge the restitution directive.

We affirm. Pursuant to Penal Law § 60.27 (1), a sentencing court must consider according restitution to the victims of a crime. This statutory directive anticipates that restitution may be an element of the plea-bargain package (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27, at 192). Here, defendant specifically acknowledged during the plea allocation that upon a failure of restitution a sentence of 3½ to 7 years' imprisonment could be imposed. There is no question that defendant failed to make the required restitution. In effect, he was actually sentenced in accord with the plea bargain and within the statutory guidelines (Penal Law § 70.06 [3] [d]; [4] [b]). Notably, the record evidences that a substantial sum of money (as much as $81,000) was stolen, and yet defendant was able to minimize his exposure by pleading to one charge in full satisfaction of the indictment. Having received the benefit of his bargain, defendant should be bound by its terms. Nor is defendant being imprisoned for his indigency, a practice prohibited by the 14th Amendment (see, Bearden v Georgia, 461 US 660; see also, CPL 420.10 [3], [4], [5]). As the United States Supreme Court noted in Bearden v Georgia (supra, at 669-670, 671), a sentencing court may consider a defendant's ability to make restitution in tailoring the initial sentence. In our view, County Court did not abuse its discretion by imposing the maximum sentence and the circumstances are not so extraordinary as to warrant any further reduction by this court.

---

* It appears that the extensive delay in sentencing was occasioned by ongoing negotiations on a related felony charge in Rensselaer County, in which an attempt to vacate the prior felony conviction was being proposed (see, People v Felman, 137 AD2d 341).

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.