■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDY SANCHEZ, Also Known as FREDDY SANCHEZ, Also Known as FREDDIE SANCHEZ, Also Known as FRED SANCHEZ, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 12, 1988, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), and sentencing him to an indeterminate term of imprisonment of from five years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or excessive. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and, "[h]aving received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH COSTELLO, Appellant.—Judgment, Supreme Court, New York County (Paul P. E. Bookson, J.), rendered July 8, 1987, which convicted defendant of the criminal sale of a controlled substance in the third degree, and sentenced him as a predicate felon to a term of 6 to 12 years' imprisonment, after a jury trial, is unanimously affirmed.

The defendant contends that the jury should have been instructed specifically to disregard evidence on the indictment's second count, criminal possession of a hypodermic instrument. This charge was dismissed by the trial court during the deliberations. Accordingly, the jury was told not to consider the charge. Defendant argues that the court was bound to tell the jury. However, the defendant neither alerted the court to any possible error nor requested supplemental instructions and, therefore, has waived the point for appellate review (CPL 470.05 [2]). Further, we do not believe there is any basis to reach the issue in the interest of justice. Nonetheless, were we to consider it, we would affirm, finding it to be without merit.

The counts involved two separate crimes, essentially committed at different times, with completely different elements involved, and, accordingly, there was no danger that the jury would commingle the evidence. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.