■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SEABROOK, Appellant.—Judgment, Supreme Court, New York County (Carol H. Arber, J.), rendered May 30, 1986, convicting defendant, upon his plea of guilty, of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305).

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms" *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918). Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOL KOCH, Appellant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), rendered on or about November 10, 1987, convicting defendant of manslaughter in the first degree and sentencing defendant to a prison term of from 5 to 15 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.