(September 25, 1990)

■ The People of the State of New York, Respondent, v Marcos Olivares, Also Known as Marcos Alinda, Appellant. —Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered on June 23, 1987, convicting defendant, upon his pleas of guilty, of criminal possession of a controlled substance in the second degree and attempted burglary in the second degree and sentencing him to concurrent indeterminate terms of from 4 years' to life imprisonment and 1 to 3 years' imprisonment, respectively, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.

■ The People of the State of New York, Respondent, v William Polsun, Also Known as William Polson, Appellant.

—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on July 12, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing him to an indeterminate term of from 2½ to 5 years' imprisonment, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.