■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE LASTER, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on June 30, 1988, convicting defendant of one count of robbery in the first degree and two counts of robbery in the second degree and sentencing him to concurrent, indeterminate terms of imprisonment of 12½ to 25 years and 7½ to 15 years, respectively, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MEDINA, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered on September 30, 1988, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of from 6 to 12 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.