ceived the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LORENZO, Appellant.—Judgment, Supreme Court, New York County (Berkman, J.), rendered on March 29, 1989, convicting defendant, upon his plea of guilty, of robbery in the third degree and sentencing defendant to an indeterminate term of imprisonment of 1 to 3 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL FERNANDEZ, Appellant.—Judgment, Supreme Court, New York County (Berkman, J.), rendered on October 28, 1987, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and sentencing defendant to an indeterminate term of imprisonment of 2½ to 5 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MORE, Appellant.—Judgment, Supreme Court, New