count of criminal sale of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of 8⅓ years to life, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.

■ The People of the State of New York, Respondent, v Phillip Huertas, Appellant.—Judgment, Supreme Court, New York County (Weissberg, J.), rendered on March 21, 1989, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing defendant to an indeterminate term of imprisonment of 6 to 18 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.

■ The People of the State of New York, Respondent, v Benito Sanchez, Appellant.—Judgment, Supreme Court, New York County (Weissberg, J.), rendered on December 6, 1988, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing defendant to an indeterminate term of imprisonment of 8⅓ to 25 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things,