the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE COBB, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered on March 23, 1988, convicting defendant, upon his plea of guilty, of two counts of attempted criminal sale of a controlled substance in the third degree and sentencing defendant to concurrent indeterminate terms of imprisonment of 3½ to 7 years for each count, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Kassal, Ellerin and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ALCAZAR, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on April 6, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of seven years to life, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)