taxes levied against the lessor's undivided parcel. In either instance, the assessment must also have a direct adverse affect on the challenger's pecuniary interests."

While the Supreme Court recognized that the lease herein did not authorize an independent protest and that defendant was not obligated to pay the entire real estate tax, it permitted the duplicate filing based on the fact that the tenant's pecuniary interest was directly affected by the tax assessment. While the tenant's pecuniary interests were certainly affected by the unusual rent escalation provision in the lease, this factor alone does not entitle the tenant to bring its own protest. *(Matter of Waldbaum, Inc. v Finance Adm'r of City of N. Y., supra.)* Moreover, since the Tax Commission had not been joined as a party, the Supreme Court was without authority to issue a directive to that governmental entity. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARVEL JONES, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered on December 9, 1988, convicting defendant, upon a plea of guilty, of second degree robbery and sentencing defendant to an indeterminate term of imprisonment of 2 to 6 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar, 52 NY2d 302, 305.)*

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman, 141 AD2d 889, 890, lv denied 72 NY2d 918.)* Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ARISTABAL, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on March 30, 1988, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of five years to life, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individ-