him to an indeterminate term of imprisonment of 3 to 9 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BATISTA, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered on March 7, 1988, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 4 to 8 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Carro, Milonas and Smith, JJ.