■ The People of the State of New York, Respondent, v Hector Castro, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered on April 13, 1988, convicting defendant, upon a plea of guilty, of attempted arson in the first degree and sentencing him to an indeterminate term of imprisonment of 8⅓ to 25 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.

■ The People of the State of New York, Respondent, v Willie Brown, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered on March 20, 1989, convicting defendant, upon a plea of guilty, of burglary in the first degree and sentencing him to an indeterminate term of imprisonment of 2 to 6 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in