harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.

■ The People of the State of New York, Respondent, v Pedro Pizarro, Appellant.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), rendered on December 16, 1987, convicting defendant, after a bench trial, of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, reckless endangerment in the first degree and criminal possession of stolen property in the third degree, and sentencing defendant to concurrent indeterminate terms of 12½ to 25 years on the first and third charges, 7½ to 15 years on the second, fourth and fifth charges, 3½ to 7 years on the seventh charge, and definite terms of imprisonment of one year on the sixth and eighth charges, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.

■ The People of the State of New York, Respondent, v Myron Jackson, Appellant.—Judgment, Supreme Court, Bronx County (Peggy Bernheim, J.), rendered on September 21, 1987, convicting defendant, upon a plea of guilty of criminal possession of a weapon in the second degree and sentencing defendant to an indeterminate term of imprisonment of 4 to 12 years, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we