■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BOGAN, Appellant.—Judgment, Supreme Court, New York County (George F. Roberts, J.), rendered on November 9, 1989, convicting defendant, upon a plea of guilty, of attempted burglary in the second degree and sentencing him to an indeterminate term of imprisonment of 1⅓ to 4 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)

The record reveals no confusion by the court concerning the minimum permissible sentence. It is plain from the context

that the court's statement "one and a third is the minimum" referred to the minimum term of the sentence imposed, not to the minimum term permitted by statute. Concur—Milonas, J. P., Rosenberger, Wallach and Smith, JJ.