plea bargain and within statutory guidelines. "Having received the benefit of [her] bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ACOSTA, Appellant.—Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered on August 9, 1989, convicting defendant, upon a plea of guilty of sexual abuse in the first degree and sentencing defendant to a definite term of sixty days' imprisonment and five years' probation, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on April 17, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.