■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY LUGO, Also Known as RAFAEL LUGO, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered on November 2, 1989, convicting defendant upon a plea of guilty of two counts of criminal sale of a controlled substance in the second degree and one count of criminal sale of a controlled substance in the third degree and sentencing defendant to consecutive indeterminate terms of imprisonment of 6 years to life and 3 years to life, and a concurrent indeterminate term of imprisonment of 1 to 3 years, respectively, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. (People v Farrar, 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." (People v Felman, 141 AD2d 889, 890, lv denied 72 NY2d 918.) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE PRATT, Appellant.—Judgment, Supreme Court, New York County (Shirley Levittan, J.), rendered on May 3, 1989, convicting defendant upon a plea of guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree and sentencing defendant to concurrent indeterminate terms of imprisonment of 7 to 21 years and 1½ to 4½ years, respectively, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. (People v Farrar, 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." (People v Felman, 141 AD2d 889, 890, lv denied 72 NY2d 918.) Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.

■ CITY STREETS REALTY CORP. et al., Appellants-Respon-