burglary in the second degree, and sentencing him to an indeterminate term of imprisonment of 6 years to life, unanimously affirmed.

Defendant's claim that the plea allocution was inadequate is not preserved. The plea was entered after extensive negotiations, and defendant, who had much experience with the criminal justice system, did not move to withdraw it. *(People v Ramirez,* 159 AD2d 392, *lv denied* 76 NY2d 863.) There is no evidence in the record to support defendant's claim that he was deprived of effective assistance of counsel. *(People v Brown,* 45 NY2d 852.) There is no basis to disturb defendant's sentence, which was the minimum permissible. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRI PEARSON, Appellant.—Judgment, Supreme Court, Bronx County (Phylis Bamberger, J.), rendered on October 24, 1989, convicting defendant, upon a plea of guilty of grand larceny in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 1 to 3 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with her plea bargain and within statutory guidelines. "Having received the benefit of [her] bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GRIJALVA, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered on August 31, 1989, convicting defendant, upon a plea of guilty of attempted robbery in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 2 to 4 years, to run consecutive to a prior sentence of 2 to 4 years rendered on September 3, 1987, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individ-