1989, convicting defendant upon a plea of guilty of four counts of robbery in the first degree and robbery in the second degree and sentencing defendant to four indeterminate terms of imprisonment of from 7 to 21 years and an indeterminate term of from 5 to 15 years imprisonment, respectively, to be served concurrently, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)  Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SELWYN FERGUS, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered on April 28, 1988, convicting defendant upon a plea of guilty of robbery in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 5 to 10 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)  Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.