York County (Edwin Torres, J.), rendered on January 24, 1990, convicting defendant, upon a plea of guilty of attempted assault in the first degree and criminal possession of a controlled substance in the fifth degree, and sentencing defendant to concurrent indeterminate terms of imprisonment of one to three years on each charge, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPIFANIO LAGUERRE, Also Known as EPPIFANIO LAGUERRE, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on December 20, 1989, convicting defendant, upon a plea of guilty of criminal sale of a controlled substance in the second degree, and sentencing defendant to an indeterminate term of imprisonment of 6 years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LAWRENCE, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered on May 4, 1988, convicting defendant, upon a plea of guilty of manslaughter in the first degree, and sentencing defendant to an