■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v POON KWEI SHUN, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on February 7, 1990, convicting defendant, upon a plea of guilty of criminal sale of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 7 years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Kupferman, Ross, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO PRINCE, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered on April 3, 1989, convicting defendant, upon a plea of guilty of manslaughter in the first degree and sentencing defendant to an indeterminate term of imprisonment of from 7½ to 15 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.