harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant. should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRELL WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered on November 2, 1989, convicting defendant, upon a plea of guilty of attempted criminal sale of a controlled substance in the third degree and sentencing defendant to an indeterminate term of imprisonment of from 1 to 3 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN BELEN, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered on October 2, 1989, convicting defendant, upon a plea of guilty of criminal sale of a controlled substance in the fifth degree and sentencing defendant to an indeterminate term of imprisonment of from 2½ to 5 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)