the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.

■ Maximina Nunez, Plaintiff, and Solange De La Paz, Appellant, v New York Hospital, Respondent.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on July 20, 1990, unanimously affirmed for the reasons stated by Ira Gammerman, J., without costs. No opinion. Concur—Milonas, J. P., Ellerin, Kassal and Smith, JJ.

■ The People of the State of New York, Respondent, v Maria Ortiz, Also Known as Sonia Cruz, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered on April 10, 1990, convicting defendant, upon a plea of guilty of attempted criminal sale of a controlled substance in the third degree and bail jumping in the first degree and sentencing defendant to concurrent indeterminate terms of imprisonment of from 4 to 8 years and 2 to 4 years, respectively, is unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with her plea bargain and within statutory guidelines. "Having received the benefit of [her] bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.

■ The People of the State of New York, Respondent, v David Matta, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered on November 28, 1988, convicting defendant, upon a plea of guilty of attempted robbery in the first degree and sentencing defendant to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.