■ The People of the State of New York, Respondent, v Francisco Mena, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered on April 11, 1990, convicting defendant, upon a plea of guilty of criminal possession of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 6 years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.

■ The People of the State of New York, Respondent, v Steven Molina, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered on April 9, 1990, convicting defendant, upon a plea of guilty of attempted burglary in the third degree and attempted robbery in the second degree and sentencing defendant to consecutive indeterminate terms of imprisonment of from 1½ to 3 years and 2 to 4 years, respectively, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we

perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.