(November 21, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Also Known as ROLANDO LOPEZ, Also Known as ANDRE RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered on October 3, 1988, convicting defendant, upon a plea of guilty of two counts of criminal sale of a controlled substance in the fifth degree and sentencing defendant to concurrent indeterminate terms of imprisonment of from 3 to 6 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. (People v Farrar, 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." (People v Felman, 141 AD2d 889, 890, lv denied 72 NY2d 918.) Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLY DEMOSTHENE, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered on October 27, 1989, convicting defendant, upon a plea of guilty of attempted burglary in the second degree and sentencing defen-