by our subsequent decision *(American Realty Co. v 64 B Venture, supra)*, respondents failed to show sufficient merit to that appeal (CPLR 5519 [c]; *Application of Mott*, 123 NYS2d 603, 608). Finally, as termination of a primary lease terminates a sub-lease *(World of Food v New York World's Fair 1964-1965 Corp.*, 22 AD2d 278, 281), the court properly dismissed the counterclaim for unjust enrichment by the nursing home against petitioner-landlord. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VASQUEZ, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar*, 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman*, 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN WEEKS, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar*, 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound