We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW POOLE, Also Known as KEVIN JOHNSON, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LEO ALVARADO, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.

■ LINTAS: CAMPBELL-EWALD COMPANY, Formerly CAMP-BELL-EWALD COMPANY, Plaintiff, v 525 LEXINGTON AVENUE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, and MARRIOTT FAMILY RESTAURANTS, INC., as Successor to HOWARD JOHNSON COMPANY, Third-Party Defendant-Appellant.

Marriott Family Restaurants, Inc. is the successor in interest to the Howard Johnson Company, which managed a series of hotels known as "Plaza Hotels", including the Halloran House, a Manhattan hotel owned by 525 Lexington Avenue Associates and Morris Bailey. The relationship between Howard Johnson and 525 Lexington with respect to the management and operation of the Halloran House was governed by a "Hotel Management and Operating Agreement", referred to as the Agency Agreement, which expressly provided that 525 Lexington, as the owner of the Halloran House, is solely responsible for "[a]ll debts and liabilities to third persons incurred by [Howard Johnson] in the course of the perfor-