amended, be deemed a retroactive application of that statute, no error was committed, the amendment, being remedial in nature *(Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.]*, 160 AD2d 705). Nor did the court err by relying on the State's original offer, rather than the evidence adduced at trial, for purposes of deciding whether the award substantially exceeded the condemnor's proof. To hold otherwise would be to require a claimant to undertake litigation to receive just compensation and relieve the State of the burden of properly appraising the property in the first instance, contrary to the intent of the statute *(Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture Co.]*, *supra; see generally,* Meehan, Practice Commentaries, McKinney's Cons Laws of NY, Book 16A, EDPL 701, 1991 Pocket Part). Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.

In the Matter of LISA G., a Child Alleged to be Neglected. TINA G., Appellant; HARLEM DOWLING-WEST SIDE CENTER CHILDREN AND FAMILY SERVICES, Respondent.

The record conclusively demonstrates that petitioner exercised diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]), but that despite its efforts, respondent failed to realistically plan for the child's future *(Matter of Star Leslie W.,* 63 NY2d 136). In particular, the record indicates that the agency made reasonable efforts to assist respondent in locating suitable housing, obtaining psychological counseling, and developing her parenting skills. That respondent was unable to overcome her shortcomings is not the fault of petitioner, which "is not charged with a guarantee that the parent succeed in overcoming his or her predicaments." *(Matter of Sheila G.,* 61 NY2d 368, 385.)

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Rosenberger and Ellerin, JJ.

(January 21, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Leon White, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.

■ The People of the State of New York, Respondent, v Michael Perez, Appellant

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.

■ The People of the State of New York, Respondent, v Luis Ortiz Canales, Also Known as Luis Canales, Appellant.