■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANDRADES, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered February 28, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WARNER, Appellant.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered May 11, 1989, convicting defendant, on his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a prison term of 6½ years to life, unanimously affirmed.

Defendant's argument that the court erred in imposing a fine without determining the amount of his gain from the

crime, and without advising him that he could obtain a resentencing if unable to pay the fine, is academic since the record does not show that a fine was ever actually imposed. All the record shows is that a sentence involving a fine was offered; it does not show that such was accepted or imposed.

The sentence was not excessive, and defendant received the sentence for which he bargained (see, People v Felman, 141 AD2d 889, lv denied 72 NY2d 918). The sentencing court properly exercised its discretion after due consideration of relevant factors, including the crime charged, the particular circumstances of the individual before it, and the purpose of a penal sanction (see, People v Farrar, 52 NY2d 302, 305). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.