■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CONNELL, Appellant.—Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered December 19, 1991, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree, grand larceny in the third degree (six counts) and scheme to defraud in the first degree.

Defendant contends that his sentence violates his constitutional right to equal protection of the laws in that it was based solely upon the amount of restitution made prior to sentencing. We disagree. Restitution may be an element of a plea-bargain package *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.27, at 191-192). Here, defendant consented to a term of imprisonment of up to 5 to 15 years, with the amount of restitution made prior to sentencing to be considered as a factor in the final sentence imposed. Defendant made partial restitution by the time of sentencing, and County Court accordingly imposed a prison sentence of 4⅓ to 13 years. It is noted that defendant substantially decreased his potential exposure by pleading guilty to eight counts of a 46-count indictment. "Having received the benefit of his bargain, defendant should be bound by its terms" *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918). County Court's consideration of restitution in tailoring the sentence does not violate the Equal Protection Clause *(see, supra).* Similarly, we find that CPL 420.10 is not applicable where, as here, the amount of restitution is considered in initially sentencing a defendant.

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.