■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FRANKLIN, Appellant. [634 NYS2d 100] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered November 9, 1993, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him as second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant's complaint on appeal that his sentence was unduly harsh and should be reduced is wholly devoid of merit. The plea entered by defendant was entered in satisfaction of the entire indictment and was within statutory guidelines. "Having received the benefit of his bargain, defendant should

be bound by its terms." (*People v Felman*, 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)

We note that even when, as here, a defendant does not challenge the validity of his plea, appellate review of the propriety of the sentence imposed necessitates an examination of multiple factors, including the circumstances surrounding the entry by the court, defendant and the People into the given plea bargain. This means, of course, that if, as part of a plea bargain, the People have agreed to forego further prosecution of any other charges or to dismiss certain counts of an indictment as covered, such terms should be fully explained to the reviewing court. Here, our review of the record demonstrates that the brief filed on behalf of defendant, even when cast in the favorable light of being the product of zealous advocacy, is notable for its omission of a candid and complete description of the making of this particular plea bargain.

After extended plea negotiations, during which the court permitted defendant to consult with his family, and granted a recess, defendant voluntarily entered a plea to the gunpoint robbery of a parking lot superintendent in full satisfaction of the indictment against him. In urging that his sentence is excessive, defendant argues that "[n]obody was injured in the incident" to which he pleaded guilty. While such a statement is true as to the particular count of robbery to which defendant was permitted to plead in full satisfaction of the indictment, pointedly absent from appellant's brief is a description of the facts of the other incident that was the subject of this indictment except for a passing reference buried in a footnote. The footnote states that the indictment "covered two unrelated incidents and charged him with attempted murder in the second degree, five counts of robbery in the first degree, and related weapons offenses." In this other incident, covered by defendant's plea, the victim, a cab driver on duty, was shot in the small of his back, causing serious and permanent injuries to his digestive system and impairing his ability to walk. Thus, under *all* the circumstances, the sentence imposed was not unduly harsh. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.