on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASILIO GARCIA, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered on July 20, 1989, convicting defendant upon a plea of guilty of criminal sale of a controlled substance in the second degree and sentencing defendant to a term of imprisonment of from 6 years to life, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL LOPEZ, Appellant.—Judgment, Supreme Court, Bronx County (Price, J.), rendered on November 3, 1983, convicting defendant, upon his plea of guilty, of two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree, and sentencing defendant to consecutive, indeterminate terms of imprisonment of twenty-five years to life for each count of murder, and three to nine years for the charge of criminal possession, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we

perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* The decision and order of this Court entered herein on October 18, 1990 [166 AD2d 296], is hereby recalled and vacated. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.