Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.)* Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. SADOWSKI, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on July 7, 1989, convicting defendant of bail jumping in the second degree and sentencing defendant to a term of imprisonment of from 1½ to 3 years, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SAN MIGUEL, Appellant.—Judgment of resentence, Supreme Court, New York County (Brenda Soloff, J.), rendered on August 26, 1987, vacating defendant's sentence of probation, upon his plea of guilty to violation of probation, and sentencing defendant to an indeterminate term of imprisonment of 1 to 3 years on his conviction of robbery in the third degree, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply