■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL AGARD, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J., at trial, plea and sentence), rendered on January 12, 1990, convicting defendant, upon her plea of guilty of attempted criminal possession of a controlled substance in the third degree and sentencing defendant to an indeterminate term of imprisonment of from 3 to 6 years, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that court and by submitting such application to the Clerk of that court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO BORGEN, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered on September 20, 1989, convicting defendant, upon a plea of guilty of criminal sale of a controlled substance in the second degree and sentencing defendant to an indeterminate term of imprisonment of from 5 years to life, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.